UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SKI LIFTS, INC., a Washington corporation, | CASE NO. C19-0062-JCC |
| Plaintiff, | ORDER |
| v. | |
| SCHAEFFER MANUFACTURING CO., a Missouri corporation, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to amend complaint (Dkt. No. 16). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.      BACKGROUND

Plaintiff owns and operates The Summit at Snoqualmie, which in turn owns and operates a number of "snowcats that are used to groom its ski areas." (Dkt. No. 1-2 at 2.) The snowcats use Type F ATF fluid. (*Id*.) Plaintiff alleges that during the summer of 2014, Defendant marketed and sold Plaintiff "Shaeffer Oil All Trans" for use in Plaintiff's snowcats. (*Id*.) In January 2016, Plaintiff realized that All Trans was causing significant damage to the snowcats. (*Id*. at 3.) On December 18, 2018, Plaintiff brought suit against Defendant in King County Superior Court, asserting claims for breach of express warranty in violation of Washington law

1    and the Uniform Commercial Code and for negligence. (*Id*. at 3–4.) Defendant removed the case

2    on January 14, 2019. (Dkt. No. 1.)

3        Both parties have conducted written discovery and Plaintiff has taken the depositions of

4    Defendant's sales representative and Defendant's Rule 30(b)(6) designee. (*See* Dkt. No. 17 at 1–

5    2.) During his deposition, Defendant's sales representative testified that his position required him

6    to be "familiar with the technical data sheets for the products" he sold. (Dkt. No. 17-1 at 3.) In

7    May 2019, Plaintiff issued discovery requests to Defendant. (*See* Dkt. Nos. 16 at 2, 17-2 at 15–

8    16.) On October 21, 2019, Defendant disclosed supplemental discovery in response to the May

9    2019 discovery requests, including the relevant technical data sheet for All Trans. (*See* Dkt. No.

10   16 at 3.) The technical data sheet purportedly demonstrates that All Trans was not compatible

11   with Plaintiff's snowcats. (*See id*. at 2–3.) It was not available online. (*Id*.)

12       Plaintiff now moves to amend its complaint to assert a claim arising under Washington's

13   Consumer Protection Act ("CPA") based on the deposition testimony of Defendant's sales

14   representative and the recently disclosed discovery. (*See generally id*.)

15   **II.    DISCUSSION**

16       If a party moves to amend its pleadings after the date specified in the court's scheduling

17   order, then Federal Rule of Civil Procedure 16 governs the request. *Johnson v. Mammoth*

18   *Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Unlike Rule 15(a), which provides a liberal

19   amendment policy, Rule 16(b)(4) requires a showing of good cause before a scheduling order

20   may be changed. "Although the existence or degree of prejudice to the party opposing the

21   modification might supply additional reasons to deny a motion, the focus of the inquiry [under

22   Rule 16] is upon the moving party's reasons for seeking modification . . . . If that party was not

23   diligent, the inquiry should end." *Johnson*, 975 F.2d at 609; *see In re W. States Whole Sale Nat.*

24   *Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (affirming district court's denial of

25   motion to modify scheduling order where moving party was "aware of the facts and theories

26

1    supporting amendment since the inception of the action.").[1]

2        The pleading amendment deadline set forth by the Court's scheduling order passed on

3    August 2, 2019. (*See* Dkt. No. 11.) The instant motion to amend was not filed until November 6,

4    2019, and thus Plaintiff must establish good cause sufficient to justify amending the Court's

5    scheduling order to allow the amendment. *See* Fed. R. Civ. P. 16(b)(4); *Johnson*, 975 F.2d at

6    609. Plaintiff argues that it could not have moved to amend its complaint because it was not

7    aware of the basis of its proposed CPA claim until Defendant disclosed the relevant data sheet in

8    October 2019, after the pleading amendment deadline had already expired. (*See* Dkt. No. 16 at

9    5.) Defendant asserts that Plaintiff was not diligent because it has been aware of the facts

10   underlying its proposed CPA claim and because Plaintiff either possessed or could have

11   possessed the relevant technical data sheet before the amendment deadline expired. (Dkt. No. 18

12   at 3–4.) But Plaintiff has demonstrated that any delay is primarily attributable to Defendant's

13   slow response to Plaintiff's discovery requests, that its prior possession of the data sheet did not

14   excuse Defendant from its discovery obligations, and that Plaintiff could not obtain the data

15   sheet at issue except through discovery in this case. (*See* 21 at 1–2.) Therefore, Plaintiff acted

16   with reasonable diligence in filing the instant motion for leave to amend its complaint.

17       Defendant raises a number of other arguments as to why Plaintiff's proposed amendment

18   should be denied. Defendant asserts that Plaintiff's motion to amend should be denied because

19   its proposed CPA claim is subsumed by its Washington Products Liability Act ("PLA") claim.

20

21           [1] Defendant argues that Plaintiff's motion is procedurally improper, as Plaintiff did not
     file a separate motion for relief from the scheduling order before seeking leave to file an
22   amended complaint. (Dkt. No. 18 at 2–3) (citing *Johnson*, 975 F.2d at 608–09. But Plaintiff's
     motion to amend correctly cited the good cause standard governing modification of a case
23   schedule. (*See* Dkt. No. 16 at 4) (citing Fed. R. Civ. P. 16(b)(4); *Johnson*, 975 F.2d at 609; *In re
     W. States Whole Sale Nat. Gas Antitrust Litig.*, 715 F.3d at 737). And Plaintiff clarifies in its
24   reply brief that the facts cited in its motion to amend support a finding of good cause supporting
     modification of the case schedule and granting Plaintiff leave to file an amended complaint. (*See*
25   Dkt. No. 21 at 2, 5.) The Court thus construes Plaintiff's motion as both a motion to amend the
     case schedule and a request for leave to file an amended complaint, and will consider whether
26   Plaintiff has established good cause supporting both requests for relief.

1  (Dkt. No. 18 at 4–5) (citing *Washington State Physicians Ins. Exchange & Ass'n v. Fisons Corp.*,

2  858 P.2d 1054, 1066 (Wash. 1993). But the *Fisons* court actually held that the PLA "does allow

3  claimants to bring a [CPA] claim since that cause of action has been specifically exempted from

4  the preemptive effect of the [PLA]." *Id*. at 1066–67.[2] In a similar vein, Defendant argues that

5  Plaintiff has not identified facts sufficient to support a *prima facie* claim under the CPA. *See* Dkt.

6  No. 18 at 5–7) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d

7  531 (Wash. 1986)). But in doing so, Defendant disregards case law analyzing whether a CPA

8  claim may arise from a private transaction and ignores that discovery may produce additional

9  facts supporting Plaintiff's proposed CPA claim. *See Sign-O-Lite Signs, Inc. v. DeLaurenti*

10  *Florists, Inc.*, 825 P.2d 714, 718–21 (Wash. Ct. App. 1992). Thus, both of Defendant's

11  arguments are unavailing.

12      Defendant also argues that Plaintiff is estopped from contradicting its discovery

13  responses and the testimony of its Rule 30(b)(6) deponent. (*See* Dkt. No. 18 at 7–9) (citing *New*

14  *Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). Specifically, Defendant asserts that Plaintiff has

15  stated that it is only seeking damages resulting from the damage caused to the snowcats and

16  labor costs and thus cannot now seek attorney fees or treble damages pursuant to its proposed

17  CPA claim. (*Id*.) But, as Plaintiff reasonably points out, Plaintiff could not have asserted its CPA

18  claim before it became aware of the basis of that claim, and could not be expected to assert

19  damages theories unique to that claim before asserting the claim itself. (*See* Dkt. No. 21 at 4.)

20  Therefore, the Court declines to find that Plaintiff is estopped from pleading new damages

21  theories at this early stage of the litigation.

22      Finally, Defendant argues that it will be prejudiced if Plaintiff is allowed to amend its

23  complaint, as Defendant has already taken the deposition of Plaintiff's Rule 30(b)(6) deponent

24

25      [2] To the extent Defendant argues that Plaintiff's negligence claim is also subsumed by
26  Plaintiff's PLA claim, (*see* Dkt. No. 18 at 5), that claim is not at issue in the present motion to
    amend.

and the proposed amendments will increase Defendant's litigation burden. (*See* Dkt. No. 18 at 9–10.) While the Court recognizes the increased burden Defendant will face from having to defend itself from an additional claim, the Court finds that any prejudice to Defendant is overcome by the good cause established by Plaintiff. *See Johnson*, 975 F.2d at 609.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend complaint (Dkt. No. 16) is GRANTED. Plaintiff shall file its amended complaint no later than 14 days from the date this order is issued.

DATED this 18th day of December 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE