THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SKI LIFTS, INC., a Washington corporation,

Plaintiff,

v.

SCHAEFFER MANUFACTURING CO., a Missouri corporation,

Defendant.

CASE NO. C19-0062-JCC

ORDER

This matter comes before the Court on Plaintiff's motion for relief from the dispositive motions deadline (Dkt. No. 41). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

The Court briefly set forth the alleged facts underlying this case in a previous order and will not repeat them here. (*See* Dkt. No. 24.) On March 19, 2019, the Court held a status conference to set a case schedule. (Dkt. No. 11.) Trial was scheduled to begin on April 6, 2020, discovery was set to close 120 days before the trial commenced, and dispositive motions were to be filed 90 days before the trial commenced. (*See id*.) Thus, any dispositive motions had to be filed no later than January 7, 2020.

On January 7, 2020, Defendant filed a motion for summary judgment and for sanctions. (Dkt. No. 28.) On January 24, 2020, Plaintiff filed its motion for summary judgment. (Dkt. No. 32.) On January 27, 2020, defense counsel notified Plaintiff's counsel that Plaintiff's motion for summary judgment was untimely under the Court's scheduling order. (*See* Dkt. No. 42 at 2.) Plaintiff acknowledges that its motion for summary judgment is untimely. (*See* Dkt. No. 41 at 3.) Plaintiff states that Plaintiff's counsel's legal assistant erroneously calendared the dispositive motions deadline as February 6, 2020—60 days before trial. (*See* Dkt. Nos. 42 at 1–2, 43 at 1–2, 43-1–43-3.) Plaintiff now moves for relief from the dispositive motions deadline and requests permission to file its untimely motion for summary judgment. (Dkt. No. 41.)

## II. DISCUSSION

The district court has "broad discretion in supervising the pretrial phase of litigation." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). Federal Rule of Civil Procedure 16 requires the district court to enter "as soon as possible" a scheduling that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(1)–(3). Rule 16 further provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). And "[o]nce the district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 . . . that rule's standards control[]." *Johnson*, 975 F.2d at 607–08.[1]

The "good cause" standard set forth by Rule 16 "primarily considers the diligence of the party seeking amendment." *Johnson*, 975 F.2d at 609; *see* Fed. R. Civ. P. 16 advisory

---

[1] Plaintiff cites Federal Rule of Civil Procedure 6(b)'s "excusable neglect" standard and related case law to argue that the Court should grant it additional time to file its motion for summary judgment. *See* Fed. R. Civ. P. 6(b); (Dkt. No. 41 at 4–6). But "when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) (citing *Johnson*, 975 F.2d at 609; *Anda v. Ralston Purina, Co.*, 959 F.2d 1149, 1155 (1st Cir. 1992)).

committee's notes (1983 amendment). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609 (collecting cases). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . . If that party was not diligent, the inquiry should end." *Id.*; *see, e.g.*, *CPALead, LLC v. Adeptive Ads LLC*, 2016 WL 4941991, slip op. at 1–2 (D. Nev. 2016) (finding that party had not established good cause under Rule 16 where motion for summary judgment "was filed late for no reason other than a simple mistake regarding the due date for dispositive motions").

Plaintiff's justification for its untimely filing rests on the legal assistant's calendaring error. (*See* Dkt. No. 41 at 3–4, 6.) While Plaintiff may be correct that delegating certain matters is "not completely novel" in modern legal practices, (*see* Dkt. No. 58 at 1–2) (citing *Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004)), delegation does not absolve Plaintiff from its responsibility to comply with the Court's deadlines, *see Pincay*, 389 F.3d at 856 ("The responsibility for the error falls on the attorney regardless of whether the error was made by an attorney or a paralegal."). And the calendaring error Plaintiff relies on, regardless of origin, does not constitute good cause under Rule 16. Plaintiff has had continuous access to the Court's docket during the pendency of this case, and the Court's March 19, 2019 docket entry clearly sets forth the relevant deadlines of the Court's scheduling order. (*See* Dkt. No. 11.) During the approximately nine months between when the Court entered its scheduling order and when the dispositive motions deadline expired, Plaintiff failed check the scheduling order itself to ensure the accuracy of the legal assistant's calculation. (*See* Dkt. No. 41 at 2.) Thus, Plaintiff has failed to demonstrate that it acted with diligence and therefore has not established good cause under Rule 16. *See* Fed. R. Civ. P. 16(b)(4); *Johnson*, 975 F.2d at 607–08.[2]

---

[2] Moreover, additional red flags should have caused Plaintiff to check the accuracy of dispositive motions deadline calculated by the legal assistant. Plaintiff was presumably aware of the default rule under Federal Rule of Civil Procedure 56(b), which provides that "[u]nless a

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for relief from the dispositive motions deadline (Dkt. No. 41) is DENIED. The Clerk is DIRECTED to terminate Plaintiff's motion for summary judgment (Dkt. No. 32).

DATED this 28th day of February 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Upon the close of discovery in December 2019, Plaintiff should have realized that the legal assistant's deadline was well beyond that set by Rule 56(b) and taken reasonable steps to ensure that her calculation was accurate. This is especially true when Defendant filed its motion for summary judgment on January 7, 2020—30 days after the close of discovery. (*See* Dkt. No. 28.) Plaintiff's failure to take any steps to ascertain the correct dispositive motions deadline under these circumstances further weighs against a finding of good cause under Rule 16.

ORDER
C19-0062-JCC
PAGE - 4