THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SKI LIFTS, INC., a Washington corporation, | CASE NO. C19-0062-JCC |
| Plaintiff, | ORDER |
| v. | |
| SCHAEFFER MANUFACTURING CO., a Missouri corporation, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to strike Plaintiff's second amended complaint (Dkt. No. 49) and Plaintiff's motion for leave to file a second amended complaint (Dkt. No. 55). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendant's motion to strike and DENIES Plaintiff's motion for leave to file a second amended complaint for the reasons explained herein.

**I.   BACKGROUND**

The Court briefly set forth the alleged facts underlying this case in a previous order and will not repeat them here. (*See* Dkt. No. 24.) On March 19, 2019, the Court held a status conference for the purpose of setting a case schedule. (*See* Dkt. No. 11.) The Court entered a scheduling order that set the pleading amendment deadline for August 2, 2019. (*See id.*)

On December 18, 2019, the Court granted Plaintiff's motion to amend its complaint to assert a claim arising under Washington's Consumer Protection Act ("CPA"). (Dkt. No. 24.) Plaintiff accordingly filed its amended complaint the next day. (Dkt. No. 25.) On January 9, 2020, Defendant moved to dismiss Plaintiff's CPA claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 31.) In lieu of filing a response, Plaintiff filed a second amended complaint that purported to cure the defects alleged in Defendant's motion to dismiss. (*See* Dkt. No. 40.) Defendant now moves to strike Plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure 12(f) and Western District of Washington Local Civil Rule 7(g)(5). (Dkt. No. 49.) Plaintiff responded to Defendant's motion to strike, (Dkt. No. 54), and has filed a motion for leave to file its second amended complaint, (Dkt. No. 55).

## II. DISCUSSION

Federal Rule of Civil Procedure 12(f) allows district courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A Rule 12(f) motion may also be used to strike pleadings filed in violation of the Federal Rules of Civil Procedure. *See Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp. 2d 2, 7 (D.D.C. 2004). The decision to do so rests in the district court's discretion. *See id*.

"A party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after the service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The Ninth Circuit has noted that once the district court enters a scheduling order, a plaintiff's "ability to amend [it's] complaint [is] governed by Rule 16(b), not Rule 15(a)." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987); *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989)). The *Johnson* court "made no distinction between amendment as a matter of course and amendment by the court's freely given leave, analyzing the issue by reference to Rule 15(a), which governs both types of amendment." *Long Beach Mem'l*

*Med. Ctr. v. Blue Cross & Blue Shield of S.C.*, 2018 WL 5099494, slip op. at 4 (C.D. Cal. 2018).

While *Johnson* specifically addressed the question of when a party may join an additional defendant after entry of a scheduling order, *see* 975 F.2d at 607, the Second Circuit has addressed whether "a party's right to amend a pleading once 'as a matter of course,' as provided in the first sentence of Rule 15(a), may be qualified by the trial court's general discretion to limit, by means of a scheduling order entered under Rule 16(b), the time during which the pleadings may be amended," *Kassner v. 2nd Ave Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007). The Second Circuit looked to the advisory committee notes to Rule 16 and found that Rule 16's objectives "would be frustrated by an interpretation of the first sentence of Rule 15(a) that precludes a district court from exercising any discretion to specify the time period during which a party may effect the first amendment of its complaint prior to the serving of a responsive pleading." *Id*. The Second Circuit accordingly held "that amendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleading in a scheduling order issued under Rule 16(b)." *Id*. at 244. Therefore, "the Court's Scheduling Order extinguish[es] [the plaintiff's] right to amend as a matter of course pursuant to Rule 15(a)(1)(B)." *Long Beach Mem'l Med. Ctr.*, 2018 WL 5099494, slip op. at 4.

Here, on March 19, 2019, the Court entered a scheduling order that set the pleading amendment deadline as August 2, 2019. (*See* Dkt. No. 11.) After August 2, 2019, the parties were required establish good cause and to obtain the Court's consent before amending their respective pleadings. *See* Fed. R. Civ. P. 16(b)(4). Plaintiff did so prior to filing its first amended complaint, which asserted a novel CPA claim against Defendant. (*See* Dkt. No. 24.) But Defendant's motion to dismiss Plaintiff's newly-pleaded CPA claim, (Dkt. No. 31), did not provide Plaintiff an additional 21 days to amend its complaint as a matter of course pursuant to Rule 15(a)(1)(B). Rather, once the Court entered its scheduling order, that order and Rule 16 controlled the parties' ability to amend their pleadings. *See Johnson*, 975 F.2d at 608; *Kassner*,

496 F.3d at 243; *Long Beach Mem'l Med. Ctr.*, 2018 WL 5099494, slip op. at 4. As Plaintiff did not attempt to establish good cause or obtain the Court's consent pursuant to Rule 16 prior to filing its second amended complaint, the second amended complaint is properly subject to a motion to strike under Rule 12(f). *See* Fed. R. Civ. P. 12(f); *Canady*, 307 F. Supp. 2d at 7.

Plaintiff has belatedly filed a motion for leave to file its second amended complaint. (*See* Dkt. No. 55.) But Plaintiff's motion simply relies on the language of Rule 15(a)(1)(B), arguing that "[g]ood cause exists as the plain language of the applicable rules permits amendment as a matter of course." (*Id.* at 2.) As discussed above, Plaintiff's ability to amend its complaint as a matter of course was extinguished once the Court entered a scheduling order limiting the parties' ability to amend their pleadings. *See Johnson*, 975 F.2d at 608; *Kassner*, 496 F.3d at 243; *Long Beach Mem'l Med. Ctr.*, 2018 WL 5099494, slip op. at 4. Plaintiff has not offered any other basis for the Court to find good cause under Rule 16. *See* Fed. R. Civ. P. 16(b)(4); *Johnson*, 975 F.2d at 607–08; (*see generally* Dkt. No. 55).

## III. CONCLUSION

As Plaintiff could not file its second amended complaint as a matter of course pursuant to Rule 15(a)(1)(B) and as Plaintiff has not established good cause under Rule 16(b)(4), Defendant's motion to strike Plaintiff's second amended complaint (Dkt. No. 49) is GRANTED and Plaintiff's motion for leave to file its second amended complaint (Dkt. No. 55) is DENIED. The Clerk is DIRECTED to strike Plaintiff's second amended complaint.

DATED this 6th day of March 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE